426909.1

Milton Springut
Tal S. Benschar
SPRINGUT LAW PC
45 Rockefeller Plaza – 20th Floor
New York, New York 10111
(212) 813-1600

*Attorneys for Plaintiff National Family Partnership*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL FAMILY PARTNERSHIP, | Civil Action No. |
| Plaintiff, | COMPLAINT |
| v. | |
| POSITIVE PROMOTIONS, INC., | |
| Defendant. | |

Plaintiff, complaining of Defendant, through its undersigned counsel, hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act of 1946, as amended, relating to trademark infringement and false designations of origin pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. This Court has supplemental jurisdiction over the claims in this action arising under state statutory law and the common law pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative

facts.  The Court also has jurisdiction over all claims herein of unfair competition pursuant to 28 U.S.C. § 1338(b).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff National Family Partnership is a corporation organized under the laws of the District of Columbia, having its executive offices and place of business at 2490 Coral Way, Miami, FL 33145 (hereinafter "NFP" or Plaintiff).

5.      Defendant Positive Promotions, Inc. is a corporation organized under the laws of the State of New York, having an office and place of business at 15 Gilpin Avenue, Hauppauge, New York 11788 (hereinafter "Positive Promotions" or Defendant).

## NATIONAL FAMILY PARTNERSHIP

6.      National Family Partnership, formerly the National Federation of Parents for Drug Free Youth, was established as a grassroots, nonprofit organization in 1980 by a handful of concerned and determined parents who were convinced they should begin to play a leadership role in drug prevention. Since its founding over thirty-five years ago, NFP has devoted its efforts to the well-being of youth. Today, NFP is a national leader in drug prevention education and advocacy.

Its mission is to lead and support the nation's families and communities in nurturing the full potential of healthy, drug-free youth.

7. National Family Partnership's work is recognized through its growing network of nearly 100 Partners and affiliates across the United States, ranging from local grassroots parents groups and community coalitions to national prevention organizations and states. NFP strives to support and continue to build groups at the grassroots level, serving as a resource and a national voice to help kids grow up safe, healthy and drug free.

8. Among other activities, NFP provides drug awareness by sponsoring the annual National Red Ribbon Week Celebration. Since its beginning in 1985, Red Ribbon Week has touched the lives of millions of people around the world. In response to the murder of DEA Agent Enrique Camarena, angered parents and youth in communities across the country began wearing Red Ribbons as a symbol of their commitment to raise awareness of the killing and destruction cause by drugs in America. In 1988, NFP sponsored the first National Red Ribbon Campaign. Today, Red Ribbon Week serves as a catalyst to mobilize communities to educate youth and encourage participation in drug prevention activities.

9. NFP is the owner of various trademarks which are used as part of it drug advocacy mission, and is the owner of U.S. Trademark registrations therefore. These include the following:

| Mark | Registration No. |
|---|---|
| LOVE YOURSELF.  BE DRUG FREE. | 4,646,573 |
| RESPECT YOURSELF.  BE DRUG FREE. | 4,803,038 |

(collectively the "NFP Marks").  Such registrations are valid and subsisting.

10.     The NFP Marks are closely associated with NFP and are well-known and well-regarded as symbols of NFP drug education efforts.

**Defendant's Infringing and Unfairly Competitive Activities**

11.     Defendant Positive Promotions maintains a website at *www.positivepromotions.com* where it offers for sale various printed products.

12.     Among its offerings, Positive Promotions has used the NFP Marks on its website to promote various products in conjunction with the NFP sponsored drug awareness program.  This includes items on which the NFP Marks, or close imitations thereof, are printed on the products and then sold to the public, to be used as part of the Red Ribbon Week awareness program.  These products include, among others, red ribbons that immediately evoke Red Ribbon Week and hence NFP, and which bear the NFP Marks or close imitations thereof.

13.     The use of the NFP Trademarks on such website and products is likely to cause confusion or mistake in that potential customers will be mislead to believe that there is some connection with or sponsorship of Defendant's business, website and/or products by NFP, when that is in fact not the case.

14.     Upon information and belief, Positive Promotions' complained of

activities have been willful or with willful disregard of NFP's rights, and continue despite written protests by NFP.

15. Positive Promotions has neither sought nor received a license or authorization from NFP for any purpose whatsoever, including for the acts described herein.

## COUNT I

### REGISTERED TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

16. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

17. Long after Plaintiff's adoption of the NFP Marks, and long after the federal registration for same, Defendant has commenced the sale, offering for sale and distribution of products identified by such marks, all in violation of 15 U.S.C. § 1114(1).

18. On information and belief, the activities of Defendant complained of herein constitute willful and intentional infringement of the above-identified registered trademarks, are in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendant's knowledge that the use of such trademarks or a copy or a colorable imitation thereof in the manner described herein was and is in direct contravention of Plaintiff's rights.

19. The use by Defendant of copies of such trademarks in the manner described herein has been without the consent of Plaintiff, is likely to cause

confusion and mistake in the minds of the purchasing public and/or those who view the products, in particular, tends to and does falsely create the impression that Defendant's products are manufactured or marketed with the authorization, approval, or sponsorship of Plaintiff.

20. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT II

### FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

21. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

22. Defendant has affixed, applied, or used in connection with the sale of its goods or services, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by Defendant are sponsored by, authorized by, or connected with Plaintiffs.

23. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional uses, appropriations and infringements of the NFP Marks; completely and deliberately disregard Plaintiffs' rights and were commenced and have continued in spite of Defendant's knowledge that the use of a simulation or colorable imitation of these trademarks in the manner described

herein was and is in direct contravention of NFP's rights, all in violation of 15 U.S.C. § 1125(a).

24. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

25. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

26. The actions of Defendant described herein constitute common law trademark infringement and unfair competition.

27. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiff prays:

1. That Defendant, and its agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

    (a)  From using in any manner the NFP Marks or any colorable imitation thereof in connection with their business;

    (b)  From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, or any of its goods or services, are authorized or sponsored by NFP;

    (c)  From further infringing the NFP Marks; and

    (d)  From otherwise competing unfairly with Plaintiff in any manner.

2.    That Defendant is required to deliver up to Plaintiff for destruction, any and all goods and promotional materials in its possession or under its control that include any of the NFP Marks or any colorable imitation thereof.

3.    That Defendant be ordered, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

4.    That Defendant be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiff for any and all profits derived by them, and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein, including an award of treble damages as provided for statute.

5.    That Plaintiff is awarded both pre-judgment and post-judgment interest on each and every damage award.

6. Plaintiff has and recovers from Defendant, Plaintiff's reasonable attorneys' fees, costs and disbursements of this civil action.

7. That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: April 6, 2016
New York, New York

SPRINGUT LAW PC

By: *Milton Springut*
Milton Springut
Tal S. Benschar
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
(212) 813-1600

*Counsel for Plaintiff*
*National Family Partnership*