**ABELMAN, FRAYNE & SCHWAB**
Jeffrey A. Schwab (JS 9592)
Michael Aschen (MA 6336)
666 Third Avenue
New York, New York 10017
Telephone: (212) 949-9022
Fax: (212) 949-9022
Emails: jaschwab@lawabel.com
　　　　maschen@lawabel.com

*Attorneys for Defendant Positive Promotions, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATIONAL FAMILY PARTNERSHIP,

　　　　　　　　　*Plaintiff,*

-against-                                          Case No. 1:16-cv-02579-PAE

POSITIVE PROMOTIONS, INC.,

　　　　　　　　　*Defendant.*

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

The Defendant Positive Promotions, Inc. ("Defendant"), by its attorneys Abelman Frayne & Schwab, answers the Complaint of the Plaintiff National Family Partnership ("Plaintiff"), as follows:

1.　　In response to paragraph 1 of the Complaint the Defendant admits that the Court has jurisdiction over the subject matter of this action.

2.　　In response to paragraph 2 of the Complaint the Defendant admits that the Court has jurisdiction over the subject matter of this action.

3.　　In response to paragraph 3 of the Complaint the Defendant admits that venue lies in this jurisdiction for the purpose of adjudicating the claims asserted in the Complaint.

4. In response to paragraph 4 of the Complaint the Defendant states that it has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations therein and on that basis denies them.

5. The Defendant admits the allegations in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint the Defendant states that it has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations therein and on that basis denies them.

7. In response to paragraph 7 of the Complaint the Defendant states that it has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations therein and on that basis denies them.

8. In response to paragraph 8 of the Complaint the Defendant states that Plaintiff does not own any U.S. Trademark Registrations or common law trademark rights to the terms "National Red Ribbon Campaign", or any variation thereof. Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations in paragraph 8 of the Complaint, and on that basis denies them.

9. In response to paragraph 9 of the Complaint, the Defendant admits that Plaintiff is the owner of record of United States Trademark Registration Number 4,646,573 for "LOVE YOURSELF. BE DRUG FREE.", and of United States Trademark Registration Number 4,803,038 for "RESPECT YOURSELF. BE DRUG FREE.", (jointly hereinafter "Plaintiff's Trademark Registrations"), but denies that Plaintiff's Trademark Registrations are valid, that the terms "LOVE YOURSELF. BE DRUG FREE." and "RESPECT YOURSELF. BE DRUG FREE" indicate to relevant consumers a single source or origin of products or services, distinguish Plaintiff's goods or services from those of others, or that the terms "LOVE YOURSELF. BE DRUG FREE." and "RESPECT YOURSELF. BE DRUG FREE" are valid

trademarks of the Plaintiff.

10. In response to paragraph 10 of the Complaint, the Defendant adopts and incorporates its response to paragraph 9 of the Complaint as if fully set forth herein.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, the Defendant adopts and incorporates its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, the Defendant adopts and incorporates its responses to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, the Defendant adopts and incorporates its responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

/

DEFENDANT'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTER CLAIMS

### First Affirmative Defense

28. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

29. Defendant has not infringed any applicable trademark of the Plaintiff under federal or state law.

### Third Affirmative Defense

30. Upon information and belief, the claims alleged in the Complaint are barred in whole or in part under the Doctrine of Unclean Hands and/or Laches.

### Fourth Affirmative Defense

31. Plaintiff's claims are unenforceable because its alleged trademarks are not inherently distinctive, descriptive, and have not acquired secondary meaning and are, therefore, not subject to trademark protection.

### Fifth Affirmative Defense

32. Upon information and belief, the Plaintiff's purported trademarks are not protectable as they fail to satisfy the conditions and requirements specified in Title 15 of the United States Code.

### Sixth Affirmative Defense

33. Defendant reserves the right to assert any additional defense based on information learned or obtained during discovery.

### DEFENDANT'S COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 13

The Defendant, through its undersigned attorneys, for its counterclaims against the Plaintiff, alleges as follows:

### The Parties

34. The Defendant is a corporation organized and existing under the laws of the State

of New York with a place of business at 15 Gilpin Avenue, Hauppauge, New York 11788.

35. Upon information and belief, the Plaintiff is a corporation organized and existing under the laws of the District of Columbia with a place of business at 2490 Coral Way, Miami, FL 33145.

### Jurisdiction and Venue

36. The Defendant seeks a declaration of non-infringement of the Plaintiff's purported trademarks and injunctive relief.

37. Defendant further seeks a declaration that the Plaintiff's Trademark Registrations are invalid, unenforceable, and void in law, and for an order directing the Commissioner of the United States Patent and Trademark Office, to cancel the Plaintiff's Trademark Registrations under the provisions of 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to trademarks, 15 U.S.C. §§ 1119 and 1121.

38. The Court has jurisdiction over the subject matter of the Defendant's counterclaims pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

39. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

### Facts Relevant To Defendant's Counterclaims

**The History of the Defendant**

40. The Defendant was founded in 1947 and originally was a printing company specializing in custom slide guides that converted complex information into a simple, unique format that assisted the Defendant's customers in making their promotional presentations. Two of the Defendant's slide guides from 1969 and 1977 relating to dosage scheduling are shown on

the Smithsonian Institution's website at http://americanhistory.si.edu/collections/search/object/ nmah_902277.

41. Today the Defendant provides solutions for promotional, educational, health & wellness, safety, recognition, and reward activities such as nutrition education, breast cancer awareness, education, and bullying prevention to various institutions including public and private schools, colleges and universities.

42. As a United States Department of Agriculture Nutrition Education Strategic Partner, the Defendant directly supports its effort to promote healthy lifestyles.

43. The Defendant also donates a portion of its proceeds each year to prominent organizations leading the fight for a cure for breast cancer.

**The Plaintiff's Prior Threats Against The Defendant**

44. The Plaintiff first accused the Defendant of infringing its trademark rights ten (10) years ago when, in a letter dated June 26, 2006, it alleged that the Defendant was infringing its registered trademark for "RED RIBBON WEEK" (No. 3,089,234), and demanded that the Defendant discontinue use of the terms.

45. On September 21, 2006, the Defendant's counsel responded and advised the Plaintiff that the Defendant would not discontinue its use of "RED RIBBON WEEK" because, due to the Plaintiff's failure to police the wide spread use of the terms by numerous third parties for the prior seventeen (17) years, the terms had become generic, had lost their ability to function as a trademark, and that the Plaintiff's registration was, therefore, subject to cancellation.

46. No further objections were asserted by the Plaintiff to the Defendant's use of the terms "RED RIBBON WEEK" and the Defendant, as well as numerous third parties have continuously used the terms since then.

/

**The "DRUG FREE" Theme**

47. Since at least 1996 the Defendant has offered products that featured the theme "BE DRUG FREE".

48. In 2003 the Defendant offered products, including red ribbons, that featured the themes "I LIKE ME DRUG FREE", "RESPECT YOURSELF" and "RESPECT YOURSELF DON'T DO DRUGS".

49. In 2005 the Defendant offered products that featured the theme "RESPECT YOURSELF WAIT".

50. In 2006 and 2008 the Defendant offered products, including red ribbons, that featured the themes "RESPECT YOURSELF DON'T DO DRUGS" and "BELIEVE IN YOURSELF STAY DRUG FREE".

51. In 2010 the Defendant offered products that featured the themes "RESPECT YOURSELF DRUG FREE", "RESPECT YOURSELF, RESPECT OTHERS, RESPECT YOUR SCHOOL", and "RESPECT YOURSELF RESPECT YOUR HEALTH BE DRUG FREE".

52. In 2012 and 2014 the Defendant offered products, including red ribbons, that featured the theme "RESPECT YOURSELF RESPECT IN YOUR HEALTH BE DRUG FREE".

53. Beginning on August 26, 2014 the Defendant offered products, including red ribbons, that featured the theme "LOVE YOURSELF LIVE DRUG FREE".

54. Beginning in July, 2015, the Defendant offered products, including red ribbons, that featured the theme "RESPECT YOURSELF LIVE DRUG FREE".  The themes referred to in paragraphs 46 through 54 are referred to hereinafter as the "Defendant's Established Themes".

**Plaintiff's Trademark Registrations**

55. Upon information and belief, the Plaintiff's principals and employees were aware of Defendant's Established Themes when on December 18, 2013 it filed an "Intention to Use"

7

application with the United States Trademark Office to register the term "LOVE YOURSELF. BE DRUG FREE.", and when on January 5, 2015 it filed an "Intention to Use" application with the United States Trademark Office to register the term "RESPECT YOURSELF. BE DRUG FREE.".

56.     The Plaintiff's December 18, 2013 and January 5, 2015 trademark applications included the representation that the Plaintiff "… believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; <u>to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive</u>" (*emphasis added*). The applications also included a declaration, signed by the Plaintiff's attorney, acknowledging that she understood that the making of false statements in the applications was punishable by fine or imprisonment.

**As And For A First Counterclaim For A**
**<u>Declaratory Judgment of Non-Infringement</u>**

57.     The Defendant repeats and realleges the allegations set forth in paragraphs 1 through 56 above as though fully set forth herein.

58.     In view of the Plaintiff's allegations of infringement of its purported trademarks, an actual case or controversy between the parties exists as to whether the Defendant has infringed any valid trademark of the Plaintiff.

59.     The terms "LOVE YOURSELF. BE DRUG FREE." and "RESPECT YOURSELF. BE DRUG FREE" do not indicate to relevant consumers a single source of

products to which they are affixed, do not function as trademarks, and the Plaintiff has no protectable interest therein.

60. The terms "LOVE YOURSELF. BE DRUG FREE." and "RESPECT YOURSELF. BE DRUG FREE" are not distinctive.

61. Defendant's use of terms that are different than Plaintiff's purported trademarks, namely "LOVE YOURSELF LIVE DRUG FREE." and "RESPECT YOURSELF LIVE DRUG FREE", is not likely to cause confusion among consumers of its products concerning their source, origin or affiliation.

62. Accordingly, the Defendant seeks a declaration that its use of the terms "LOVE YOURSELF LIVE DRUG FREE." and "RESPECT YOURSELF LIVE DRUG FREE" does not infringe any of Plaintiff's trademarks.

63. The Defendant has no adequate remedy at law.

### As And For A Second
### Counterclaim for Declaratory Relief

64. The Defendant repeats and realleges the allegations set forth in paragraphs 1 through 63 above as though fully set forth herein.

65. There is an actual controversy between the Plaintiff and Defendant concerning the validity of the Plaintiff's Trademark Registrations.

66. Defendant seeks a declaratory judgment that Plaintiff's Trademark Registrations are void and for an order directing the Commissioner of the PTO to cancel the Plaintiff's Trademark Registrations because they fail to comply with one or more of the requirements of registration.

**WHEREFORE,** the Defendant requests judgment against the Plaintiff as follows:

1. dismissing the Complaint with prejudice;

2.  for a declaration that the trademarks asserted therein are invalid, unenforceable, and void in law;

3.  for a declaration that the Defendant has not infringed any of the Plaintiff's rights;

4.  for a preliminary and permanent injunction prohibiting the Plaintiff, its agents, servants, employees, attorneys, and those persons in active concert or participation with it from initiating infringement litigation or from threatening the Defendant, or any of its customers, dealers, agents, servants, or employees with infringement litigation or charging any of them either verbally or in writing with infringement of any rights which the Plaintiff purports to have allegedly arising under the Lanham Act or otherwise;

5.  for a declaration that the Plaintiff's Trademark Registrations are invalid, unenforceable, and void in law,

6.  that upon final hearing, the Plaintiff take nothing by its suit against the Defendant and that it be denied all relief prayed for in the Complaint;

7.  for an assessment of costs, interest and attorneys' fees incurred by the Defendant; and

8.  for such other and further relief as the Court deems just.

Dated: May 31, 2016  **ABELMAN, FRAYNE & SCHWAB**

　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey A. Schwab　　　

Jeffrey A. Schwab
Michael Aschen
666 Third Avenue
New York, New York 10017
Phone: (212) 949-9022
Fax: (212) 949-9190
maschen@lawabel.com

*Attorneys for Defendant*
*Positive Promotions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Answer, Affirmative Defenses, and Counterclaims was this 31st day of May, 2016, filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael Aschen

DEFENDANT'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTER CLAIMS